IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| PATRICK ARNOLD WHITE, PRO SE, | § | |
| also known as PATRICK A. WHITE, SR., | § | |
| also known as PATRICK WHITE, | § | |
| TDCJ-CID No. 827179, | § | |
| Harris County Jail No. 014333, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0137 |
| | § | |
| ORLANDO GARCIA, U.S. District Judge; | § | |
| KEITH P. ELLISON, U.S. District Judge; | § | |
| STATE BAR OF TEXAS; | § | |
| IRMA CASTILLO RAMIREZ, | § | |
|    U.S. Magistrate Judge; | § | |
| CONTINENTAL AIRLINES; and | § | |
| JACK ROADY, | § | |
|    District Attorney Assistant, | § | |
| | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION**

    Plaintiff PATRICK ARNOLD WHITE, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

    Plaintiff complains the defendants "illegally dismiss[ed] prior previous cases when brought before them . . . [and denied] both 7th and 6th amendments to with an [sic] right to an [sic] jury trial." Plaintiff further complains he and others "were not considered having or becoming victims of said defendants and those defendants in other cases."

Plaintiff requests "access to the rightful courtroom(s) that will grant [him] and the others [their] uniformed [sic] rights." He further requests his "freedom and rewards from prior cases (radios)."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Although the Court must liberally construe a pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), an I.F.P. complaint stating "bare legal conclusions with no suggestion of supporting facts . . . is a prime candidate for dismissal" under

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

the *in forma pauperis* statute. *Wesson v. Oglesby*, 9010 F.2d 278, 281 (5th Cir. 1990). Plaintiff's garbled and barely coherent complaint contains only bare legal conclusions with no suggestion of supporting facts.

As to any claim against the defendant United States District Judges GARCIA and ELLISON or against U.S. Magistrate Judge RAMIREZ based on their rulings, judges enjoy absolute immunity against an action for damages for acts performed in their judicial capacities, "'even when such acts are ... alleged to have been done maliciously or corruptly.'" *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990)(quoting *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978)). The actions by defendants GARCIA, ELLISON, and RAMIREZ of which plaintiff complains clearly fall within the scope of acts protected by absolute immunity. Further, the relief of "access to courtrooms," presumably to re-assert the claims contained in the previously dismissed cases and "rewards from prior cases (radios)," if available at all, is available only through appeal of the dismissed cases. Consequently, plaintiff's claims against defendants GARCIA, ELLISON, and RAMIREZ lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff makes no allegation of any sort against defendants CONTINENTAL AIRLINES and JACK ROADY, Assistant District Attorney and does not indicate how either or both of these defendants have harmed him. Consequently, plaintiff has failed to state a claim against these defendants on which relief can be granted.

Lastly, as to plaintiff's request for his freedom, that relief is not available through a civil rights lawsuit and must be pursued through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff PATRICK ARNOLD WHITE be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

It is the further RECOMMENDATION of the Magistrate Judge to the United States District Judge that any claims sounding in habeas corpus be dismissed without prejudice to being reasserted in a petition for habeas corpus.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of July, 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).